IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CEASAR NAVAS,<br><br>    Defendant. | No. CR-06-0378 MMC<br><br>[PROPOSED] ORDER |

On the motion of defendant Ceasar Navas pursuant to Rule 17(b) and (c) of the Federal Rules of Criminal Procedure, and good cause appearing therefore,

IT IS HEREBY ORDERED that the attached subpoenas issue for the specified materials, and that the fees and expenses associated with production of the materials so subpoenaed shall be paid as if subpoenaed by the government.

IT IS FURTHER ORDERED that the subpoenas command the production of the specified materials to the Court on or before October 9, 2006.

Dated: 9/25/06

MAXINE M. CHESNEY
UNITED STATES DISTRICT JUDGE

ORDER

# EXHIBIT A

CAND 89B (Rev. 1/06) Subpoena to Produce Documents or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES

V.

CEASAR NAVAS

**SUBPOENA TO PRODUCE DOCUMENTS OR OBJECTS IN A CRIMINAL CASE**

Case Number: CR-06-0378-MMC

TO: CUSTODIAN OF OFFICER DISCIPLINARY RECORDS
SAN FRANCISCO POLICE DEPARTMENT

YOU ARE COMMANDED to produce at the place, date, and time specified the document(s) or object(s) indicated below. If compliance would be unreasonable or oppressive, you may file a motion requesting the court to quash or modify the subpoena, to review the documents *in camera*, or to permit production only pursuant to a protective order.

| PLACE | | | COURTROOM/JUDGE |
|---|---|---|---|
| [X] United States Courthouse<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | [ ] United States Courthouse<br>280 South First Street<br>San Jose, CA 95113 | [ ] United States Courthouse<br>1301 Clay Street<br>Oakland, CA 94612 | COURTROOM #7,<br>19TH FLOOR/HON.<br>MAXINE M. CHESNEY |
| If the document(s) or object(s) are produced in advance of the date specified, either to the court in an envelope delivered to the clerk's office or to the issuing attorney whose name and address appears below, no appearance is necessary. | | | DATE AND TIME<br>OCTOBER 16, 2006<br>10:00 AM |

The following document(s) or object(s) shall be produced:

SEE ATTACHMENT A, AS APPLIES TO INSPECTORS JOHN CAGNEY (#341) OR JOHN TURSI (#997).

**RECORDS ARE TO BE DELIVERED, ON OR PRIOR TO OCTOBER 9, 2006, TO THE CHAMBERS OF THE HONORABLE MAXINE M. CHESNEY (450 GOLDEN GATE AVE. SUITE #19-6656, SAN FRANCISCO, CA 94102) FOR in camera REVIEW. SEE ATTACHED COURT ORDER.**

NOTE: Parties requesting a subpoena requiring the appearance of a witness to testify at a criminal proceeding or to testify and bring documents to a criminal proceeding, must use Form CAND 89A, *Subpoena to Testify in a Criminal Case*. Forms are available at the Court's Internet site: http://www.cand.uscourts.gov.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT<br>Richard W. Wieking<br>(By) Deputy Clerk<br>*[signature]* | DATE<br>SEPTEMBER 15, 2006 |
|---|---|

ATTORNEY NAME, ADDRESS AND PHONE NUMBER:

JOSH COHEN, A.F.P.D.
FEDERAL PUBLIC DEFENDER
450 GOLDEN GATE AVENUE, SUITE #19-6884
SAN FRANCISCO, CA 94102
415-436-7700

ROB ULTAN, INVESTIGATOR

## Attachment A

A copy of any and all parts of the personnel records of the officers named on the subpoena, which reflect any complaints, supervisory complaints or reprimands, disciplinary action, etc. related to honesty, integrity, racial bias, or conduct unbecoming an officer.

Included within this request are any allegations that the officer fabricated facts, evidence, events, or descriptions of conduct within any incident report, oral report, or testimony.

Also included within this request are any allegations that the officer has acted with racial animus, has used racially derogatory or insensitive terms in the officer's contact with the public or with co-workers, has made racial slurs or jokes, or has targeted suspects because of their race, national origin, or ethnic background.

Further included in this request are all allegations of improper searches or seizures or any conduct inconsistent with the Fourth Amendment of the United States. This includes but is not limited to arrests, stops, or seizures without cause, "pat-downs" and searches of suspects without probable cause or reasonable suspicion, entry into residences or businesses without knock-notice, intrusion onto private property without a search warrant, and the use of excessive force in arrests, seizures, and searches.

The request includes all allegations of improper interrogation, including but not limited to failure to *Mirandize* suspects, failure to permit suspects to make a call, continued interrogation despite requests for counsel, and interrogation of suspects who are mentally incapable of making an informed and knowing waiver of their *Miranda* rights.

The request seeks all documents reflecting the officer's use of controlled substances, on-duty use of alcohol, mental impairment or psychiatric impairment apparent during the performance of his duties, and allegations of inappropriate displays of anger or emotion while in the course of duty.

This subpoena compels disclosure of all materials described above, **including information which is more than five years old**, if that material or information is in the custody or possession of the recipient of this subpoena. It compels disclosure of citizen complaints as well as documents relating to the resolution of these complaints. Specifically, it compels disclosure of the following materials:

1. All "293 Forms" (initial complaints), including revised complaints with additional allegations added after the investigator intake interview;

2. All complaint work summaries and/or chronologies of the investigator's work on the complaint;

3. All "sustained report" memoranda, detailing the complaint and investigation in support of the recommended sustained finding;

4. All taped statements taken during the investigation;

5.  All SFPD or law enforcement incident reports gathered during the investigation;

6.  All Computer Assisted Dispatch (CAD) tapes and reports gathered during the investigation;

7.  All Departmental General Orders included in the complaint file and relied upon in the investigation of the case;

8.  All written statements, including "Member Response Forms" ("MRFs") from the officers;

9.  All photographs taken during the course of the complaint investigation;

10. All "MULT" cards, listing previous complaints against the officers;

11. Any transcripts or recordings of complaint proceedings before the OCC, or before the Chief of Police or his or her designees.

This subpoena is *not* limited to only "sustained" citizen complaints, but includes materials and information containing any of the allegations described above.

Production of these materials in scanned .pdf format on a CD-rom disk or DVD-rom disk is acceptable.

# EXHIBIT B

CAND 89B (Rev. 1/06) Subpoena to Produce Documents or Objects in a Criminal Case

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES

v.

CEASAR NAVAS

**SUBPOENA TO PRODUCE DOCUMENTS OR OBJECTS IN A CRIMINAL CASE**

Case Number: CR-06-0378-MMC

TO: CUSTODIAN OF OFFICER DISCIPLINARY RECORDS
OFFICE OF CITIZEN COMPLAINTS

YOU ARE COMMANDED to produce at the place, date, and time specified the document(s) or object(s) indicated below. If compliance would be unreasonable or oppressive, you may file a motion requesting the court to quash or modify the subpoena, to review the documents *in camera*, or to permit production only pursuant to a protective order.

| PLACE | COURTROOM/JUDGE |
|---|---|
| [X] United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102    [ ] United States Courthouse, 280 South First Street, San Jose, CA 95113    [ ] United States Courthouse, 1301 Clay Street, Oakland, CA 94612 | COURTROOM #7, 19TH FLOOR/HON. MAXINE M. CHESNEY |
| If the document(s) or object(s) are produced in advance of the date specified, either to the court in an envelope delivered to the clerk's office or to the issuing attorney whose name and address appears below, no appearance is necessary. | DATE AND TIME: OCTOBER 16, 2006, 10:00 AM |

The following document(s) or object(s) shall be produced:

SEE ATTACHMENT A, AS APPLIES TO INSPECTORS JOHN CAGNEY (#341) OR JOHN TURSI (#997).

**RECORDS ARE TO BE DELIVERED, ON OR PRIOR TO OCTOBER 9, 2006, TO THE CHAMBERS OF THE HONORABLE MAXINE M. CHESNEY (450 GOLDEN GATE AVE. SUITE #19-6656, SAN FRANCISCO, CA 94102) FOR in camera REVIEW. SEE ATTACHED COURT ORDER.**

NOTE: Parties requesting a subpoena requiring the appearance of a witness to testify at a criminal proceeding or to testify and bring documents to a criminal proceeding, must use Form CAND 89A, *Subpoena to Testify in a Criminal Case*. Forms are available at the Court's Internet site: http://www.cand.uscourts.gov.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| Richard W. Wieking (By) Deputy Clerk | SEPTEMBER 15, 2006 |

ATTORNEY NAME, ADDRESS AND PHONE NUMBER:

JOSH COHEN, A.F.P.D.
FEDERAL PUBLIC DEFENDER
450 GOLDEN GATE AVENUE, SUITE #19-6884
SAN FRANCISCO, CA 94102
415-436-7700

ROB ULTAN, INVESTIGATOR

## Attachment A

A copy of any and all parts of the personnel records of the officers named on the subpoena, which reflect any complaints, supervisory complaints or reprimands, disciplinary action, etc. related to honesty, integrity, racial bias, or conduct unbecoming an officer.

Included within this request are any allegations that the officer fabricated facts, evidence, events, or descriptions of conduct within any incident report, oral report, or testimony.

Also included within this request are any allegations that the officer has acted with racial animus, has used racially derogatory or insensitive terms in the officer's contact with the public or with co-workers, has made racial slurs or jokes, or has targeted suspects because of their race, national origin, or ethnic background.

Further included in this request are all allegations of improper searches or seizures or any conduct inconsistent with the Fourth Amendment of the United States. This includes but is not limited to arrests, stops, or seizures without cause, "pat-downs" and searches of suspects without probable cause or reasonable suspicion, entry into residences or businesses without knock-notice, intrusion onto private property without a search warrant, and the use of excessive force in arrests, seizures, and searches.

The request includes all allegations of improper interrogation, including but not limited to failure to *Mirandize* suspects, failure to permit suspects to make a call, continued interrogation despite requests for counsel, and interrogation of suspects who are mentally incapable of making an informed and knowing waiver of their *Miranda* rights.

The request seeks all documents reflecting the officer's use of controlled substances, on-duty use of alcohol, mental impairment or psychiatric impairment apparent during the performance of his duties, and allegations of inappropriate displays of anger or emotion while in the course of duty.

This subpoena compels disclosure of all materials described above, **including information which is more than five years old**, if that material or information is in the custody or possession of the recipient of this subpoena. It compels disclosure of citizen complaints as well as documents relating to the resolution of these complaints. Specifically, it compels disclosure of the following materials:

1. All "293 Forms" (initial complaints), including revised complaints with additional allegations added after the investigator intake interview;

2. All complaint work summaries and/or chronologies of the investigator's work on the complaint;

3. All "sustained report" memoranda, detailing the complaint and investigation in support of the recommended sustained finding;

4. All taped statements taken during the investigation;

5. All SFPD or law enforcement incident reports gathered during the investigation;

6. All Computer Assisted Dispatch (CAD) tapes and reports gathered during the investigation;

7. All Departmental General Orders included in the complaint file and relied upon in the investigation of the case;

8. All written statements, including "Member Response Forms" ("MRFs") from the officers;

9. All photographs taken during the course of the complaint investigation;

10. All "MULT" cards, listing previous complaints against the officers;

11. Any transcripts or recordings of complaint proceedings before the OCC, or before the Chief of Police or his or her designees.

This subpoena is *not* limited to only "sustained" citizen complaints, but includes materials and information containing any of the allegations described above.

Production of these materials in scanned .pdf format on a CD-rom disk or DVD-rom disk is acceptable.

FED. RULE CRIM. PRO. 17(c) Subpoena
Attachment A